UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISON

| | |
|---|---|
| PEDRO ANTONIO GONZALEZ BENITES, et al.,<br><br>            Petitioners,<br><br>      v.<br><br>JAMES JANECKA, et al.,<br><br>            Respondents. | No. 5:26-cv-00222-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Pedro Antonio Gonzalez Benites and Licong Wei's Petition for Writ of Habeas Corpus. (ECF 1.) Respondents filed their Answer to the Petition. (ECF 10.) For the following reasons, the Court grants the Petition.

Petitioner Gonzalez Benites is an El Salvadorian foreign national who has been in immigration detention since December 14, 2025. (ECF 1 ¶ 13.) Petitioner Wei is a Chinese foreign national who has been in immigration detention since August 2025. (ECF 1 ¶ 14.) Petitioners are currently detained at the Adelanto Detention Facility in Adelanto, California, are in removal

proceedings, and were denied the opportunity to have a bond hearing and be released on bond. (ECF 1 at 1.)

On January 26, 2026, Petitioners filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 1 at 19.) Petitioners allege that his continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 67-70.)

Respondents concede that Petitioners appear to be members of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioners' claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 10 at 2.) At a hearing held on February 26, 2026, Petitioners indicated their intent to proceed only on his claim for a bond hearing under *Maldonado Bautista*. (ECF 16.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioners are class members entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as Count Three, Petitioners' claim under *Maldonado Bautista*;

(2) Respondents are enjoined from continuing to detain Petitioners unless they are provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.[1]

(3) The remaining claim(s) are dismissed as moot in light of the relief granted on Count Three and Petitioners' counsel's representation at the hearing that the relief sought is a bond hearing.

DATED:   March 2, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

---

[1] Consistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioners pose a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to established by clear and convincing evidence that [detainee] is a danger to the community"), *id.* at 786 (reiterating that *Singh* found that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence"). *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.